IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED IN OPEN COURT

SEP 17 2018

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:18-CR-333 |
| ) | |
| CARLA DONNA MCPHUN, ) | |
| ) | |
| Defendant. ) | |

STATEMENT OF FACTS

The parties agree that the allegations in the Criminal Information and the following facts are true and correct, and that had this matter gone to trial, the United States of America would have proven the defendant's guilt beyond a reasonable doubt:

**Raising Money for Williams and D'Andrade**

1. The defendant lived in Maryland. In approximately 2014, she met Christian D'Andrade at a social function.

2. In approximately January 2017, the defendant learned about a health-care software that D'Andrade was involved in purchasing. The defendant spoke to D'Andrade about the software and his need for money to pay interest and fees so that he and his partner, Keisha Williams, could complete the purchase of the software in Austria. D'Andrade said that the money would be repaid in less than 30 days and that he would pay high interest. The defendant agreed to loan him her own money and said that she would try to interest others in loaning him money as well.

3. D'Andrade and Williams did not repay the first loan within 30 days. During the course of the next year, the defendant repeatedly heard from D'Andrade that the software would soon be released, only to learn each time from D'Andrade that there were new expenses that

needed to be paid. Some of the additional expenses were to be paid for the software in Austria; others were expenses for multi-million loans that D'Andrade stated were being obtained to pay the expenses in Europe, repay the previous lenders, and develop the software after it was obtained.

4. By 2018, the defendant was speaking primarily with Williams, rather than with D'Andrade, and Williams made statements to the defendant similar to those D'Andrade had been making. The defendant invested approximately $300,000 of her own money and obtained approximately $1 million for D'Andrade and Williams from others who were willing to loan money. Some of those people sent their money directly to Williams, some provided it through the defendant, and some sent the money to Williams' attorney.

### The Defendant's Fraudulent Act

5. In March 2017, D'Andrade told the defendant that he and Williams needed additional money. D'Andrade said the money was needed to pay fees to the bank that would be receiving millions in loan proceeds into Williams' account.

6. To help raise the required money, the defendant convinced M.W. to provide $100,000. Instead of telling M.W. that the money was to be used to help pay the bank fees, however, the defendant told M.W. that the money would be used on two real estate projects in Maryland. The defendant and M.W. signed an agreement to that effect on March 10, 2017.

### Interstate Wire Transmission

7. On March 10, 2017, D'Andrade sent a text from California to Williams in the Eastern District of Virginia, asking whether Williams wanted the money raised by the defendant wired to Williams' Bank of America account. In a return text, Williams confirmed that she did,

and D'Andrade communicated that information to the defendant. The defendant then instructed M.W. to wire her money directly to Williams' account, which M.W. did.

### The Defendant's Intent

8. The defendant committed the fraudulent act described above knowingly and willfully and not by accident, mistake, or other innocent reason.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: *[signature]*
Grace L. Hill
Jack Hanly
Assistant United States Attorneys

Defendant's Stipulation and Signature

After consulting with my attorneys and pursuant to the plea agreement I entered into this day with the United States, I hereby stipulate that the above statement is true and accurate. I further stipulate that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 8/20/18

Carla Donna McPhun, Defendant

Defense Counsel's Signature

We are Carla Donna McPhun's attorneys. We have carefully reviewed the above statement of facts with her. To our knowledge, her decision to stipulate to these facts is an informed and voluntary one.

Date: 8/20/18

Richard A. Finci
Jonathan Oates
Counsel for the Defendant

4